UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq. (KR 4963)
Paul Kizel, Esq. (PK 4176)
Wojciech F. Jung, Esq. (WJ 2047)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Proposed Counsel to the Debtor and
Debtor-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| BIOLITEC, INC. | Case No.  13-11157 (____) |
| Debtor. | |

**ORDER (I) GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) TO (A) ALLOW THE DEBTOR TO PROSECUTE A PENDING APPEAL OF A JUDGMENT AGAINST THE DEBTOR (B) TO ALLOW PLAINTIFFS IN TWO ACTIONS TO CONTINUE TO PROSECUTE CLAIMS THAT ARE PROPERTY OF THE DEBTOR'S ESTATE THROUGH AND INCLUDING JUDGMENT (II) WAIVING THE REQUIREMENTS OF FED. R. BANKR. P. 4001(a)(3); AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

27503/2
01/22/2013 23035511.1

Page 2
Debtors:     In re Biolitec, Inc.
Case No:    13-11157 ( )
Caption:    Order (I) Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to (A) Allow the Debtor to Prosecute a Pending Appeal of a Judgment Against the Debtor, (B) To Allow Plaintiffs in Two Actions to Continue to Prosecute Claims That Are Property of the Debtor's Estate Through and Including Judgment, (II) Waiving the Requirements of Fed. R. Bankr. P, 4001; and (III) Granting Related Relief

---

**THIS MATTER** having been opened to the Court by Biolitec, Inc., the above-captioned debtor, (the "**Debtor**") by way of its motion (the "**Motion**") [Docket No. ___][1] for entry of an order (I) granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to (A) allow the Debtor to continue to prosecute a pending appeal of a judgment entered against it in a case captioned *AngioDynamics, Inc. v. Biolitec, Inc., Inc.*, Docket No. 1:08-cv-00004-LEK-RFT, currently before the United States Court of Appeals for the Second Circuit, Docket No. 12-4364, and (B) allow the plaintiffs in two pending court actions to continue to prosecute, up to entry of judgment, claims that constitute property of the Debtor's estate against non-debtor defendants in those actions; (II) waiving the requirements of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and (III) granting related relief; and the Court having reviewed the Motion, any opposition filed in response thereto, and all other documents supporting or objecting to the Motion; and the Court having further considered the arguments of counsel on the Motion and any opposition thereto at the hearing on the Motion held on _____ (the "**Hearing**"); and after due deliberation and for good cause shown therefor,

**THE COURT HEREBY FINDS AND DETERMINES** that:

A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. sections 157 and 1334 and the September 18, 2012 Standing Order of Reference to the Bankruptcy Court Under Title 11. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Page 3
Debtors:   In re Biolitec, Inc.
Case No:   13-11157 (    )
Caption:   Order (I) Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to (A) Allow the Debtor to Prosecute a Pending Appeal of a Judgment Against the Debtor, (B) To Allow Plaintiffs in Two Actions to Continue to Prosecute Claims That Are Property of the Debtor's Estate Through and Including Judgment, (II) Waiving the Requirements of Fed. R. Bankr. P, 4001; and (III) Granting Related Relief

B. The findings and conclusions, if any, made on the record at the Hearing are hereby incorporated as if fully set forth herein.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The automatic stay is hereby modified pursuant to section 362(d)(1) of the Bankruptcy Code to:

    a. Permit the Debtor to prosecute an appeal of the Judgment entered against the Debtor in the ADI NY Action;

    b. Permit the plaintiffs in the New Jersey Action to pursue the causes of action that constitute property of the estate as against the non-debtor defendants in that action up through entry of judgment;

    c. Permit the plaintiff in the ADI MA Action to pursue the causes of action that constitute property of the estate as against the non-debtor defendants in that action up through entry of judgment and to permit the continuation of the pending appeal in the ADI MA Action.

2. The requirements of Bankruptcy Rule 4001(a)(3) are hereby waived.

3. Notwithstanding any judgment entered in the aforementioned actions, this Order does not authorize enforcement of any judgment that may be entered in such actions.

4. This Court hereby retains jurisdiction to hear and determine all matters, claims, and disputes arising from or relating to this Order, including, but not limited to applications to amend or modify this Order.