**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK
**NOV. 26, 2014**
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ *Ronnie Plasner*
JUDICIAL ASSISTANT

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re:

**BIOLITEC, INC.,**

　　　　Debtor.

Case No.:　13-11157 (DHS)

Judge:　Donald H. Steckroth, U.S.B.J.

**OPINION**

**APPEARANCES:**

Eiseman Levine Lehrhaupt & Kakoyiannis, P.C.
Eric R. Levine, Esq. (*pro hac vice*)
Peter Reiser, Esq.   (*pro hac vice*)
805 Third Avenue
New York, New York 10022
***Co-Counsel to Parties-in-Interest,***
***Kelly Moran and Carol Morello***

McDonnell Crowley Hofmeister, LLC
Brian T. Crowley, Esq.
115 Maple Avenue
Suite 201
Red Bank, New Jersey 07701
***Local Counsel for***
***Melanie L. Cyganowski***
***Chapter 11 Trustee***

Cole, Schotz, Meisel, Forman & Leonard, P.A.
Laurence May, Esq.  (*pro hac vice*)
Kenneth L. Baum, Esq.
Court Plaza North
25 Main Street
Hackensack, New Jersey 07601
***Co-Counsel to Parties-in-Interest,***
***Kelly Moran and Carol Morello***

Otterbourg, Steindler, Houston & Rosen, P.C.
David Posner, Esq. (*pro hac vice*)
230 Park Avenue
New York, New York 10169-0075
***Counsel for Melanie L. Cyganowski***
***Chapter 11 Trustee***

Trenk, DiPasquale, Della, Fera & Sodono, P.C.
Joseph J. DiPasquale, Esq.
Henry M. Karwowski, Esq.
347 Mount Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
***Co-Counsel to Parties-in-Interest,***
***Biolitec AG, BioMed Technology Holdings, Ltd., CeramOptec Industries, Inc., and Wolfgang Neuberger***

Webber McGill LLC
Douglas J. McGill, Esq.
760 Route 10 West, Suite 104
Whippany, New Jersey 07981
***Co-Counsel for Creditor,***
***AngioDynamics, Inc.***

The Griffith Firm
Edward Griffith, Esq.
45 Broadway, Suite 2200
New York, New York 10006
***Co-Counsel to Parties-in-Interest,***
***Biolitec AG, BioMed Technology Holdings, Ltd., CeramOptec Industries, Inc., and Wolfgang Neuberger***

Bond Schoeneck & King, PLLC
Joseph Zagraniczny, Esq. (*pro hac vice*)
Stephen A. Donato, Esq. (*pro hac vice*)
Sara C. Temes, Esq.   (*pro hac vice*)
One Lincoln Center
Syracuse, New York 13224
***Co-Counsel for Creditor,***
***AngioDynamics, Inc.***

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is a motion ("Motion") filed by Kelly Moran and Carol Morello (the "New Jersey Plaintiffs") to vacate this Court's August 19, 2014 Order expunging their proof of claim in the chapter 11 case of Biolitec, Inc. (the "Debtor"). The New Jersey Plaintiffs argue that the expungement should be vacated pursuant to Federal Rule of Civil Procedure 60(b) because they have an allowable claim against the Debtor and the Order was entered in error after they failed to respond to an objection to the claim due to a misunderstanding regarding the scheduling of the hearing date.[1] The Motion is opposed by Biolitec Holdings U.S., Inc., Biolitec Medical Devices, Inc., and CeramOptec Industries, Inc. (collectively, the "Non-Debtor Affiliates") and by Melanie L. Cyganowski, the Chapter 11 Trustee (the "Trustee") for the Estate of the Debtor. The Non-Debtor Affiliates and the Trustee argue that the Motion should be denied because the claim was properly expunged and that grounds to vacate the order under Rule 60(b) are not present.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 as amended September 18, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (F). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

**FACTUAL BACKGROUND**

The following is an abbreviated factual and procedural history, as the parties are familiar with the proceedings and the underlying facts at this point in the litigation. The Court provides

---

[1] Federal Rule of Civil Procedure 60(b) is made applicable to this Bankruptcy Proceeding by Federal Rule of Bankruptcy Procedure 9024.

only the facts relevant to this Opinion and directs the parties to earlier decisions of this Court and the District Court for additional background.[2]

The New Jersey Plaintiffs are shareholders and insiders of the Debtor, the United States affiliate of a multi-national group of companies in the business of manufacturing and distributing medical lasers and fiber optic devices, pharmaceuticals, and industrial fiber optics.[3] The corporate structure of the Debtor and its various subsidiaries and affiliates is complex. The New Jersey Plaintiffs own 10% of the Debtor, while the remaining 90% is owned by Biolitec AG. Wolfgang Neuberger ("Neuberger") is the President, Chief Executive Officer, and Chairman of the Board of Directors of the Debtor, and the sole owner of Biomed Technology Holdings, Ltd. ("Biomed"), which owns 74.3% of Biolitec AG. While it is not disputed that Neuberger had significant control over the operations of the Debtor and its related entities, the extent of the New Jersey Plaintiffs' knowledge and involvement in the Debtor's financing transactions and day to day operations is disputed. On June 29, 2009, the New Jersey Plaintiffs filed a complaint against the Debtor, Biolitec AG, Neuberger, and Biomed in the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. C-63-09 (the "Shareholder Action"), asserting a cause of action under New Jersey's shareholder oppression statute, N.J.S.A. 14A:12-7, for Neuberger's alleged oppressive conduct, fraud, and looting of the Debtor's assets.

On January 22, 2013, the Debtor filed a petition for relief under chapter 11. Immediately thereafter, the Debtor moved for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to allow pending litigations, including the Shareholder Action, to continue. The New Jersey

---

[2] *See In re Biolitec, Inc.*, No. 13-11157, 2013 WL 1352302 (Bankr. D.N.J. Apr. 3, 2013); *In re Biolitec, Inc.,* No. CIV 13-5864, 2013 WL 6795400 (D.N.J. Dec. 16, 2013).

[3] The New Jersey Plaintiffs held two of the three seats on the Board of Directors of the Debtor and CeramOptec Industries, Inc. Kelly Moran was the Chief Operating Officer of the Debtor and Carol Morello was the corporate secretary and treasurer of the Debtor. Their positions gave them access to financial records, invoices, purchase orders, and all other documents necessary to an understanding of the Debtor's financial transactions. *See* Order of the Superior Ct. 9-11, May 19, 2014, ECF No. 478, Ex. 3.

4

Plaintiffs responded to the Debtor's stay relief motion, arguing in favor of lifting the stay so that they could pursue the non-debtor parties in the Shareholder Action. The Court granted the stay relief motion and modified the automatic stay to allow, *inter alia*, the Shareholder Action to proceed "only against the non-debtor defendants to the [Shareholder Action]."[4]

Due to evidence of continuing impropriety and misconduct by Neuberger, including violations of injunctions and discovery orders issued in separate pending litigations, AngioDynamics, Inc. ("AngioDynamics"), a creditor of the Debtor, moved for the appointment of a trustee pursuant to 11 U.S.C. § 1104(a)(1). The Court granted the motion and confirmed the appointment of the Trustee on April 12, 2013. On May 23, 2013, the New Jersey Plaintiffs filed a proof of claim in the amount of $5,000,000 (the "Claim"). The sole documentation provided to support the Claim was the complaint filed in the Shareholder Action. On May 15, 2014, the parties entered into mediation. The parties did not request, and the order directing the parties to enter into mediation did not provide, that the bankruptcy case would be stayed pending the mediation. (Order Directing Mediation, May 15, 2014, ECF No. 461).

With the permission of the Trustee, the Non-Debtor Affiliates filed an objection to the Claim (the "Objection") on June 6, 2014, arguing that it was not an allowable claim against the Debtor's estate since the relief sought in the Shareholder Action complaint was derived from the New Jersey Plaintiffs' status as shareholders, and not creditors, of the Debtor. The Objection was originally scheduled to be heard on July 8; however, upon the request of the New Jersey Plaintiffs, the Non-Debtor Affiliates agreed to a two-week adjournment. On July 2, the New Jersey Plaintiffs wrote a letter to the Court asking that the Objection be further adjourned to a

---

[4] *See* Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to (A) Allow the Debtor to Prosecute a Pending Appeal of a Judgment Against the Debtor (B) To Allow Plaintiffs in Two Actions to Continue Those Actions Against Non-Debtor Parties (II) Waiving the Requirements of Fed. R. Bankr. P. 4001(a)(3); and (III) Granting Related Relief ("Order Granting Relief from the Automatic Stay"), Feb. 1, 2013, ECF No. 41.

date two weeks after the conclusion of mediation, which was at that time scheduled to conclude on August 4. The letter noted that the Non-Debtor Affiliates refused to consent to their second request for an adjournment. After reviewing the letter, the Court adjourned the hearing to August 12, which date was later changed to August 19.

On August 5, AngioDynamics filed a response to the Objection. On August 15, the Non-Debtor Affiliates filed a reply in further support of the Objection. The New Jersey Plaintiffs did not file a response to the Objection and failed to appear at the August 19 hearing. Following the hearing, the Court entered an order expunging the Claim. On September 12, 2014, the New Jersey Plaintiffs filed the instant motion to vacate the order expunging the Claim.

## **DISCUSSION**

The New Jersey Plaintiffs seek relief pursuant to Federal Rule of Civil Procedure 60(b), which is made applicable to this bankruptcy proceeding by Federal Rule of Bankruptcy Procedure 9024. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect.
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). While it is within a court's discretion to set aside a final judgment when required in the interest of justice, relief under Rule 60(b) is "extraordinary" and should only be granted in "exceptional" circumstances. *See United States v. One Urban Lot,* 882 F.2d 582, 585 (1st Cir. 1989); *Klapprott v. United States,* 335 U.S. 601, 614-15 (1949). Thus, in order to be successful on a Rule 60(b) motion, the moving party must show: "(1) the motion is timely, (2) exceptional circumstances justify granting extraordinary relief, and (3) vacating the judgment will not cause unfair prejudice to the opposing party." *Caisse v. DuBois,* 348 F.3d 213, 215 (1st Cir. 2003). In addition, courts will not set aside a final judgment unless the moving party is able to show that its underlying claim is likely to succeed on the merits. *Id.*; *See also Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002) ("[A]t a bare minimum," a party seeking recourse under this rule must show "that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.").

The New Jersey Plaintiffs argue that they are entitled to relief under Rule 60(b)(1) or 60(b)(6) because they filed a valid proof of claim and the order expunging the Claim was entered after they failed to timely respond to the Objection due to a misunderstanding regarding the scheduled hearing date for the motion. Counsel for the New Jersey Plaintiffs explains that it did not respond or appear at the hearing to defend its interest because it understood the scheduled hearing date to be a "calendar call" or "holding date" while mediation was pending.

The misunderstanding cited by counsel does not constitute an "extraordinary" circumstance that justifies relief under Rule 60(b) because the New Jersey Plaintiffs had the burden of proving the sufficiency of their claim and there is no reasonable explanation for their

7

failure to respond to the Objection. A properly filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim. *See* 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). However, an objection supported by evidence showing that the claim is legally insufficient shifts the burden of persuasion on the claim's validity back to the claimant. *See Credit Agricole Corp. and Inv. Bank New York Branch v. Am. Home Mort. Holdings, Inc. (In re Am. Home Mort. Holdings, Inc.)*, 637 F.3d 246, 256 (3d Cir. 2011); *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173 (3d Cir. 1992) (holding that if an objection includes evidence capable of refuting a claim, the burden shifts to the claimant to prove the validity of the claim by a preponderance of the evidence).

Here, the Non-Debtor Affiliates, after receiving the permission of the Trustee, filed the Objection on June 6, 2014. The Objection refuted the *prima facie* sufficiency of the Claim because the New Jersey Plaintiffs are insiders and equity security holders of the Debtor and insiders' claims against a debtor are generally viewed with suspicion. *See Newton Nat'l Bank v. Newbegin,* 74 F. 135, 140 (8th Cir. 1896) ("When a corporation becomes bankrupt, the temptation to lay aside the grab of a stockholder, on one pretense or another, and to assume the role of a creditor, is very strong, and all attempts of that kind should be viewed with suspicion."); *See also In re All-American Auxiliary Ass'n*., 95 B.R. 540, 544 (Bankr. S.D. Ohio 1989) ("[W]here the transaction giving rise to the claim is challenged, it is well-established that the burden is on the insider-claimant to show the inherent fairness and good faith of the challenged transaction."). Accordingly, once the Objection was made, the burden shifted to the New Jersey Plaintiffs to prove the Claim's validity by a preponderance of the evidence.

Given that the New Jersey Plaintiffs had the burden of proof, there is no reasonable explanation for their failure to defend their claim in the more than two months that transpired

between the date the Objection was filed and the hearing.[5] Counsel's explanation that it understood the scheduled hearing date to be a "calendar call" or "holding date" in the event that mediation had not concluded prior to the scheduled deadline of August 4, 2014 does not entitle the New Jersey Plaintiffs to relief under Rule 60(b) because the pendency of mediation or settlement negotiations does not relieve a party of its duty to make required court filings or appearances. *See de la Torre v. Cont'l Ins. Co.*, 15 F.3d 12, 15 (1st Cir. 1994) ("The fact that settlement negotiations are in progress does not excuse a litigant from making required court filings."); *Simon v. Pay Tel Mgmt., Inc.*, 1992 WL 9429 at *6 (7th Cir. Jan 22, 1992); *United States v. Moya*, 2005 WL 14936 at *1 (3d Cir. Jan. 3, 2005). Any misunderstanding on the part of counsel was unreasonable in light of the fact that the hearing was adjourned to August 19 after the Non-Debtor Affiliates refused to consent to the New Jersey Plaintiffs' request to adjourn the hearing until the conclusion of mediation, thus indicating their intent to litigate the claim. Counsel for the New Jersey Plaintiffs' July 2, 2014 letter confirming the adjournment makes no mention of a "calendar call" or "holding date" and instead states, in its entirety: "With regard to the above-referenced matter, this letter will confirm the adjournment of the motion to expunge [the Claim] from July 22, 2014, to August 12, 2014, at 10:00 a.m." Any misunderstanding regarding the nature of the hearing date could have, and should have, been resolved after AngioDynamics filed a response[6] to the Objection on August 5, or when the Non-Debtor Affiliates filed a reply[7] to this response in further support of its Objection four days prior to the hearing. At the very least, upon receiving notice of these filings counsel should have become aware that the other parties (and the Court) understood the hearing to be going forward on the

---

[5] The Objection was filed on June 6, 2014 and the hearing was conducted on August 19, 2014
[6] *See* Response of AngioDynamics to Non-Debtor Affiliates' Objection to Claim Filed by Kelly Moran and Carol Morello, Aug. 5, 2014, ECF No. 507.
[7] *See* Reply to Response of AngioDynamics, Inc. to Non-Debtor Affiliates' Objection to Claim Filed by Kelly Moran and Carol Morello, Aug. 15, 2014, ECF No. 510.

scheduled date, and yet no attempts were made to further adjourn the hearing, contact the Court, or to update the Court on the progress of the mediation. Thus, it is clear that the failure to respond to the Objection does not provide a basis for relief from judgment under Rule 60(b). *See Zuelzke Tool & Eng'g Co., Inc. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir. 1991) ("[W]here a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted."). Accordingly, the movant's failure to defend its client's interests does not constitute "mistake, inadvertence," or "excusable neglect" pursuant to Rule 60(b)(1), and the Court does not find "any other reason that justifies" vacating the order under Rule 60(b)(6).

Moreover, even if the circumstances of this case gave rise to grounds for relief under Rule 60(b), the Motion must be denied because the New Jersey Plaintiffs have not demonstrated that the Claim is allowable. *See Lepkowski v. United States Dept. of Treasury,* 804 F.2d 1310, 1314 (D.C. Cir. 1986) ("motions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense."). A "claim" is defined broadly under the Bankruptcy Code.[8] *See Franklin Sav. Ass'n v. Office of Thrift Supervision*, 150 B.R. 61, 63 (D. Kan. 1993) *affirmed* 31 F.3d 1020 (10th Cir. 1994). However, the touchstone of a claim is that the debtor has an "enforceable obligation" to the creditor or the creditor has an enforceable "right to payment" from the debtor. *Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 524 (5th Cir. 2004)

---

[8] 11 U.S.C. § 101(5) defines a "claim" as a:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed undisputed, legal, equitable, secured, or unsecured; or
> (B) right to an equitable remedy for breach of performance, if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, unsecured.

11 U.S.C. § 101(5)(A).

(citing *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991)); *See also In re Morton*, 43 B.R. 215, 220 (Bankr. E.D.N.Y. 1984) (noting that the terms "claim" and "debt" are "coextensive: a creditor has a 'claim' against the debtor; the debtor owes a 'debt' to the creditor.").

Here, the New Jersey Plaintiffs are insiders and equity security holders of the Debtor, and the sole basis for their Claim is a cause of action under New Jersey's shareholder oppression statute, N.J.S.A. 14A:12-7. Nonetheless, the New Jersey Plaintiffs argue that they have a valid claim against the Debtor because one form of relief available to a shareholder under the statute is the right to force the corporation to buy back its shares. If the state court renders a decision in their favor, the New Jersey Plaintiffs assert that they will be able to seek leave of this Court to obtain entry of a judgment against the Debtor for the fair value of their shares.

The New Jersey Plaintiffs' attempt to construe any judgment that they might obtain as a result of the Shareholder Action as a claim against the Debtor's estate fails for numerous reasons. Their argument relies on N.J.S.A. 14A:12-7(8), which provides:

> Upon motion of the corporation or any shareholder who is a party to the proceeding, the court may order the sale of all shares of the corporation's stock held by any other shareholder who is a party to the proceeding to either the corporation or the moving shareholder or shareholders, whichever is specified in the motion, if the court determines in its discretion that such an order would be fair and equitable to all parties under all of the circumstances of the case.

N.J.S.A. 14A:12-7(8). While this provision gives the state court the equitable power to force a corporation to pay an oppressed shareholder the fair value of his or her shares, numerous obstacles preclude the New Jersey Plaintiffs from obtaining an enforceable "right to payment" against the Debtor in its bankruptcy proceeding. First, this Court's order modifying the automatic stay did not authorize the New Jersey Plaintiffs to pursue claims against the Debtor

11

but instead authorized the Shareholder Action to proceed only against the non-debtor defendants. The order provides, in relevant part:

> To the extent the automatic stay is in effect, it is hereby modified pursuant to section 362(d)(1) of the Bankruptcy Code to allow the continuation of the [Shareholder Action] only against the non-debtor defendants to the [Shareholder Action], provided, however, that the issue of whether any claims or causes of action asserted against non-debtor defendants to the [Shareholder Action] are property of the Debtor's estate is not decided by this order and that issue shall be subject to further order of this Court at a later date and after notice and a hearing.

(Order Granting Relief from the Automatic Stay, ¶ 2, Feb.1, 2013, ECF No. 41). Thus, while the order permits the possibility that a cause of action asserted against the non-debtor defendants could result in a derivative claim on behalf of the Debtor that would be property of the Debtor's estate, it does not allow the New Jersey Plaintiffs to continue to pursue a judgment against the Debtor. The New Jersey Plaintiffs could not obtain the relief they purportedly seek in the Shareholder Action without first receiving this Court's permission for relief from the automatic stay, which they have not obtained.

More importantly, however, even assuming that the state court had the jurisdiction and authority to grant the desired relief, the possibility that a shareholder may be able to obtain an order forcing the corporation to buy back his or her shares does not give rise to an allowable claim. As shareholders and insiders of the Debtor, there is no doubt that the New Jersey Plaintiffs are "equity security holders" under the Bankruptcy Code and not "creditors." *See Alsohaibi v. Arcapita Bank B.S.C.(c) (In re Arcapita Bank B.S.C.(c))*, 508 B.R. 814, 818 (S.D.N.Y. 2014) (quoting 11 U.S.C. §§ 101(10), 101(17)) ("Those who have 'claims' against the debtors are called 'creditors,' while those who hold 'equity securities' are called 'equity security holders.'"). As equity security holders, the New Jersey Plaintiffs are not entitled to

12

assert a proof of claim. *See Hasson v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, 2012 WL 1886755 at *4 (S.D.N.Y. May 21, 2012) ("'Simply put, an equity interest is not a claim against the debtor for which the equity holder may assert a right to payment' by filing a proof of claim") (citing *In re Pine Lake Vill. Apartment Co.*, 21 B.R. 478, 480 (Bankr. S.D.N.Y. 1982)); *See also In re USA Commercial Mortg. Co. USA Capital Realty Advisors, LLC*, 377 B.R. 608, 615 (9th Cir. BAP 2007) ("It is axiomatic that an allowed proof of claim requires something more than mere equity ownership."). Even if Neuberger's misconduct gave the New Jersey Plaintiffs a right to recover the fair value of their shares from the Debtor, this would not convert their equity interests into creditors' claims. *See Weissmann v. Pre-Press-Graphics Co. (In re Pre-Press Graphics Co.)*, 307 B.R. 65, 71 (N.D. Ill. 2004) (holding that the court-ordered repurchase of shareholder's stock by corporation arose from the "purchase or sale of a security" and was therefore subordinated to the claims of creditors pursuant to 11 U.S.C. §510(b)); *Carrieri,* 393 F.3d at 525 (noting that even if equity interests give rise to a right to payment this "does not automatically transform the equity interests into 'claims.'"). It would violate the absolute priority rule if a shareholder's interest was somehow elevated to a creditor's claim by virtue of a determination that the oppressive or fraudulent conduct of fellow shareholders entitled the shareholder to a buyout. *See In re Granite Partners, L.P.,* 208 B.R. 332, 344 (Bankr. S.D.N.Y 1997) ("Claims of mismanagement, waste and breach of fiduciary duty describe conduct which harms an entity directly, and its investors and creditors derivatively . . . Yet under the absolute priority rule, creditors stand ahead of the investors on the receiving line."); *F.D.I.C. v. Am. Bank Trust Shares, Inc.*, 412 F. Supp. 302, 208 (D.S.C. 1976), *vacated on other grounds*, 558 F.2d 711 (4th Cir. 1977) ("[A]s a general rule, equity prefers the claims of innocent general creditors over the claims of shareholders or subordinated creditors deceived by

officers of the corporation."). Thus, even if the New Jersey Plaintiffs are successful in the Shareholder Action and receive their desired remedy, the state court's equitable authority to order the corporation to buy the shares of aggrieved shareholders cannot convert their equity interests into creditors' claims in this bankruptcy case.

Finally, in addition to the lack of an allowable claim and the absence of extraordinary circumstances that would justify vacating this Court's final judgment, prejudice would accrue to other creditors were this Court to now grant the requested relief. The Claim was expunged on August 19, 2014, and it was not until September 12, 2014 that the New Jersey Plaintiffs filed the instant Motion to vacate the order. Prejudice would accrue to other creditors who were entitled to rely on this Court's final judgment if the New Jersey Plaintiffs' $5,000,000 Claim was reinstated. Moreover, the New Jersey Plaintiffs are not prejudiced because the order expunging the Claim does not deprive them of the ability to secure a judgment against the only remaining defendants in the Shareholder Action, Neuberger and Biolitec AG. Indeed, while the complaint in the Shareholder Action seeks the dissolution of the Debtor or the appointment of a custodian or provisional director, it seeks monetary damages only from Neuberger and Biolitec AG. Thus, the relief sought by the New Jersey Plaintiffs must come from other shareholders and not the Debtor.[9]

---

[9] Indeed, the New Jersey Plaintiffs' closing statement in the Shareholder Action opens with the following sentence:

> This Court should award judgment in favor of Plaintiffs Kelly Moran and Carol Morello against the two remaining, active Defendants in this action: Biolitec AG ("BAG") and Wolfgang Neuberger in the amount of $3.81 million based upon an equitable buy-out of the plaintiffs' 10% ownership interest in Biolitec Inc.

Reply Br. of Creditors Kelly Moran and Carol Morello, 3, Oct. 27, 2014, ECF. No. 551.

**CONCLUSION**

For the reasons stated above, the Court finds that there are no grounds for relief under Rule 60(b) and the New Jersey Plaintiffs' Motion is denied.

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

*s/ Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: November 26, 2014